FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 4:14 pm, Aug 28, 2017*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

APOUDJAK AFFOH AZIZ,

    Petitioner,

v.

PATRICK GARTLAND,[1]

    Respondent.

CIVIL ACTION NO.: 5:17-cv-56

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Affoh Aziz Apoudjak ("Aziz"), who is currently in the physical custody of United States Immigration and Customs Enforcement ("ICE") at the Folkston ICE Processing Center in this District, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) After the Court ordered service, Respondent filed a Response arguing that the Court should dismiss the Petition. (Doc. 10.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Aziz's Petition, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Aziz *in forma pauperis* status on appeal.

## BACKGROUND

Aziz, a native and citizen of Togo, applied for admission to the United States on May 6, 2016, at the San Ysidro, California, port of entry by claiming a fear of returning to his country. (Doc. 10-1, p. 1.) After referral for a credible fear interview, an Asylum Pre-Screening Officer

---

[1] The Court **DIRECTS** the Clerk of Court to amend Respondent's name upon the record and docket of this case, as Patrick Gartland is the Warden at the Folkston ICE Processing Center. The only proper respondent in a Section 2241 case such as this is the petitioner's immediate custodian– the warden of the facility where the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

with the United States Citizenship and Immigration Services referred Aziz's case to an Immigration Judge. (Id. at p. 2.) On November 18, 2016, the Immigration Judge ordered Aziz removed to Togo. (Id. at p. 3) Though Aziz reserved his right to appeal, he did not file an appeal, so the removal order became administratively final when the deadline to file an appeal elapsed thirty days later. (Id.)

However, Aziz has not yet been removed to Togo. On December 30, 2016, ICE served Aziz with a Warning for Failure to Depart ("Form I-229(a)"). On January 20, 2017, ICE mailed a request to the Embassy of Togo for issuance of travel documents, but Togo has yet to issue those documents. (Id. at pp. 3–4.) ICE called the Embassy of Togo for a status update on Aziz's case on February 23, 2017. (Id. at pp. 4–5.)

ICE conducted reviews of Aziz's custody conditions on March 15, 2017. (Id. at p. 3–4.) After that review, ICE found that Aziz's removal was likely in the reasonably foreseeable future, and thus, decided to continue Aziz's detention. (Id.) ICE has taken other actions to facilitate Aziz's removal. Pertinently, Consular Officer Amouzou from the Embassy of Togo contacted ICE on June 1, 2017, and stated that the Embassy had not received the travel document request. (Id. at p. 5.) Thus, on that same date ICE resubmitted the travel document request to the Embassy.

Aziz filed this Section 2241 action on May 5, 2017. (Doc. 1.) Therein, he argues that he should be released pursuant to the ruling in Zadvydas v. Davis, 533 U.S. 678 (2001). The Court ordered the United States Marshal to serve the Respondent with a copy of the Petition and to respond to the Petition within twenty days of service. (Doc. 5.) The Marshal served Respondent on May 25, 2017, (doc. 6), and Respondent filed his Response, through counsel, on June 9, 2017 (doc. 10).

**DISCUSSION**

**I.      Dismissal of Aziz's Section 2241 Petition**

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2). However, any continued detention under that statute must not be indefinite. In Zadvydas, the United States Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. 533 U.S. at 701. Thus, once an order of removal becomes final, ICE should make every effort to remove the alien within a reasonable time. Id. The Supreme Court found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

However, this does not entail that every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must (1) demonstrate that he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). If a petitioner makes these showings, the burden shifts to the Government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

Aziz has satisfied the first prong of Akinwale (i.e., detention beyond the six-month removal period). His order of removal became administratively final on December 18, 2016. Thus, the six-month mark passed on June 18, 2017. Nevertheless, he has failed to satisfy the second prong of Akinwale. He has not presented any evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, 287

F.3d at 1052. Aziz has not argued, much less presented evidence, that any department of the United States has hindered his removal. Rather, in his Petition, he states that Togo "refuses to take any action on my case." (Doc. 1, p. 1.)

Aziz's conclusory and generalized allegations regarding Togo's intentions and practices are insufficient to state a claim that there is no significant likelihood of his removal in the reasonably foreseeable future. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (Egyptian petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future."). Aziz's wholly conclusory allegation lack any support in the record and do not require consideration by this Court, let alone entitle him to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a Section 2255 motion insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'")).

Equally unavailing is Aziz's implied argument that the Court can somehow presume that he will not be removed in the reasonably foreseeable future because he was not removed within 180 days of the removal order. Under this line of reasoning, the Court must grant relief any time a petitioner is held for longer than six months after a removal order. This would render the second prong of Akinwale meaningless and contradict the holding of Zadvydas. Furthermore, Aziz does not explain how the past lack of progress in the issuance of his travel documents means that Togo will not produce the documents in the foreseeable future. See Fahim, 227 F. Supp. 2d at 1366 ("The lack of visible progress since the INS requested travel documents from

4

the Egyptian government does not in and of itself meet [petitioner's] burden of showing that there is no significant likelihood of removal. '[I]t simply shows that the bureaucratic gears of the INS are slowly grinding away.' [Khan v. Fasano, 194 F. Supp. 2d 1134, 1137 (S.D. Cal. 2001).] In other words, the mere fact that the Egyptian government has taken its time in responding to the INS request for travel documents does not mean that it will not do so in the future."). While Aziz has shown bureaucratic delays in his removal proceedings, he has not demonstrated a significant unlikelihood of his removal in the reasonably foreseeable future.

Furthermore, even if the Court were to accept Aziz's speculation regarding Togo's inaction on his proceedings, Respondent has rebutted that showing. The Government has presented evidence that the Togo Embassy has responded in some measure to ICE's request for travel documents. The Togo Embassy advised ICE at the beginning of June 2017 that it had not received the travel documents request, and ICE then resubmitted the request. (Doc. 10-1, p. 5.) Additionally, Respondent has produced an affidavit from Officer David J. Shule of the Office of Enforcement and Removal Operations, who declares ICE will schedule Aziz's removal as soon as Togo issues his travel documents. (Id.)

Aziz has failed to present any facts indicating that ICE is incapable of executing his removal order and that his detention will be of an indefinite nature. However, circumstances could eventually change in Aziz's removal situation to the point that he could present a plausible claim for relief. Accordingly, the Court should **DISMISS** his Petition **WITHOUT PREJUDICE**. Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal without prejudicing [petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.").

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Aziz leave to appeal *in forma pauperis*. Though Aziz has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Aziz's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Aziz's Petition, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Aziz leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Aziz and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA